## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEFF S. SHELTON,
  Appellant,

  v.

DEPARTMENT OF HOMELAND
  SECURITY,
    Agency.

DOCKET NUMBER
SF-0752-22-0114-I-1

DATE: March 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jay Shore, Lubbock, Texas, for the appellant.

John Yap, Esquire, Chula Vista, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the removal based on a sustained charge of willful and intentional refusal to obey an order. On petition for review, the appellant argues that the administrative judge improperly analyzed his disability discrimination and retaliation claims. Petition for Review (PFR) File, Tab 1. Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the proper framework for analyzing the appellant's disability discrimination and retaliation claims, to reevaluate the agency's undue hardship burden related to the religious discrimination failure to accommodate claim in light of recent case law, and to independently analyze the penalty factors, we AFFIRM the initial decision.

The appellant does not challenge the following findings made by the administrative judge: (1) the agency proved the charge of willful and intentional refusal to obey an order; (2) the appellant did not prove his disparate treatment religious discrimination claim; and (3) there was a nexus between the sustained misconduct and the efficiency of the service. PFR File, Tab 1; Initial Appeal File, Tab 32, Initial Decision (ID). We affirm the administrative judge's findings in this regard.

The appellant makes two primary arguments on review related to his disability discrimination claim. He asserts that he was improperly regarded as disabled, and the agency was required to conduct an economic assessment under 29 C.F.R. § 1630.2(p)(2) to support its claim of undue hardship, and it failed to do so. PFR File, Tab 1. Neither argument is persuasive.

The first argument appears to relate to his disparate treatment claim. We agree with the administrative judge that there is no evidence that the agency regarded the appellant as having a disability or a contagious condition, ID at 43, and thus, this argument is without merit.[2] In his analysis of this claim, the administrative judge identified the motivating factor standard, and he briefly discussed the Board's decision in *Southerland v. Department of Defense*, 119 M.S.P.R. 566 (2013), and the mixed-motive analysis. ID at 42. After the administrative judge issued the initial decision, the Board issued *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, which clarified the proper analytical framework for a disparate treatment disability discrimination claim. Nevertheless, under both *Southerland* and *Pridgen*, the appellant bears the burden of proving by preponderant evidence that his disability was a motivating factor in the removal action. *Pridgen*, 2022 MSPB 31, ¶ 40; *Southerland*, 119 M.S.P.R. 566, ¶¶ 18, 23. We discern no error with the administrative judge's implicit conclusion that the appellant did not prove motivating factor. Any arguments on review relating to the administrative judge's analysis of this disparate treatment claim do not persuade us that a different outcome is warranted.

The second argument relates to the appellant's failure to accommodate claim. A Federal agency may not discriminate against a qualified individual on the basis of disability and is required to make reasonable accommodation to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that reasonable accommodation would cause an undue hardship. 29 C.F.R. § 1630.2(o), (p). Even if we assumed for the purposes of our analysis that the appellant was a qualified individual with a disability, the burden shifts to the agency to show that the requested

---

[2] It is unclear if the appellant's argument on review in this regard is also related to his failure to accommodate claim. Even if we somehow found, for the purposes of our analysis, that the agency regarded him as having an impairment pursuant to 42 U.S.C. § 12102(1)(C) and 29 C.F.R. § 1630.2(g)(1)(iii), an employee who is disabled solely under the "regarded as" prong is not entitled to a reasonable accommodation. *Alford v. Department of Defense*, 118 M.S.P.R. 556, ¶ 10 n.6 (2012).

accommodation imposes an undue hardship, i.e., an action requiring "significant difficulty or expense." 42 U.S.C. § 12111(10)(A); 29 C.F.R. § 1630.2(p)(1). The regulation at 29 C.F.R. § 1630.2(p)(2) sets forth several factors to consider in evaluating undue hardship. It is true that several of these factors involve an assessment of the agency's financial resources and/or the financial cost of the accommodation. However, the last factor is not explicitly financial or economic in nature. Rather, it requires consideration of the "impact of the accommodation upon the operation of the facility, including the impact on the ability of other employees to perform their duties and the impact on the facility's ability to conduct business." 29 C.F.R. § 1630.2(p)(2)(v). This factor is critical to the outcome of this matter. Indeed, the agency persuasively explained that, if it granted the appellant's reasonable accommodation request, it would face a significant difficulty in terms of the potentially catastrophic risk to other agency employees, detainees, and other members of the public of contracting—and possibly dying from—COVID-19. Accordingly, we agree with the administrative judge that the agency satisfied its burden to show undue hardship, and the appellant cannot prevail on this claim.

Although not explicitly raised by the appellant, we further modify the initial decision to discuss his retaliation claim related to his disability. In *Pridgen*, 2022 MSPB 31, ¶¶ 44, 46-47, the Board clarified that a "but-for" causation standard applies to retaliation claims involving requesting a reasonable accommodation and opposing disability discrimination because they are activities protected by the Rehabilitation Act. Because we agree with the administrative judge that the appellant failed to meet the lesser burden of proving that his protected activity was a motivating factor in his removal, ID at 46, he necessarily failed to meet the more stringent "but-for" standard. Accordingly, a different outcome is not warranted.

Similarly, although not raised by the appellant on review, we modify the initial decision to reevaluate the agency's burden to prove undue hardship as part

of the failure to accommodate religious discrimination claim.  The U.S. Supreme Court recently clarified that the agency's burden to prove undue hardship in the context of a failure to accommodate religious discrimination claim was not met by a showing of a "more than de minimis" cost, which was the standard articulated by the administrative judge in the initial decision.  *Groff v. DeJoy*, 600 U.S. __, 143 S.Ct. 2279, 2294 (2023); ID at 36-38.  Instead, the Court clarified that the undue hardship standard was satisfied "when a burden is substantial in the overall context of an employer's business."  *Groff*, 600 U.S. at __, 143 S.Ct. at 2294.  Even under this clarified standard, a different outcome is not warranted.  We find that the agency's reasons for denying the appellant's religious accommodation request in March 2021, as set forth in the initial decision, satisfies the *Groff* substantial burden test.  Thus, the agency has proven that granting the appellant's requested accommodation constitutes an undue burden.

Having found that the appellant did not prove any of his affirmative defenses, we now turn to the penalty.  In his penalty analysis, the administrative judge noted that when some, but not all, of an agency's charges and specifications are sustained, the Board will accord proper deference to the agency's penalty selection and modify the agency-imposed penalty only when it finds that it clearly exceeded the bounds of reasonableness.  ID at 48.  The administrative judge then briefly discussed the relevant penalty factors and concluded that removal was a reasonable penalty for the sustained misconduct.  ID at 49.  The U.S. Court of Appeals for the Federal Circuit recently held that, in a situation in which fewer than all charges are sustained, the penalty factors should be independently analyzed.  *Williams v. Bureau of Prisons*, 72 F.4th 1281, 1284 (Fed. Cir. 2023).  Because the administrative judge only sustained the willful and intentional refusal to obey charge, and not the other charges, ID at 25-33, a decision which we have affirmed herein, we modify the initial decision to emphasize that we are not deferring to the agency's penalty selection.  Instead, we have independently

evaluated the penalty factors based on evidence relating to the single sustained charge and specifications, and we find that removal is a reasonable penalty for the sustained misconduct.[3]

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] We have considered the appellant's remaining arguments on review, but none warrant a different outcome. For example, the appellant argues that the administrative judge has a conflict of interest because he was "guilty of the same discriminatory imaginings as the agency." PFR File, Tab 1 at 10. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant has not proven that there was any such favoritism or antagonism.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.